UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4043

SCOTTY ANTOINE DAVIS, a/k/a
Antoine Davis,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-95-34-MU)

Submitted: August 27, 1996

Decided: November 12, 1996

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Robert J. Conrad, Jr., Assistant
United States Attorney, Marlene Bishop, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Scotty Antoine Davis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1988). Davis was sentenced to serve 211 months imprisonment to be followed by four years supervised release. He appeals, asserting that the federal government lacked the jurisdiction to charge a violation of the Firearms Owners' Protection Act because Congress exceeded its Commerce Clause powers by enacting § 922(g)(1). We affirm.

In North Carolina on January 18, 1995, Davis possessed a Ruger 9mm semi-automatic pistol and several 9mm caliber cartridges, with which Davis twice shot Jeffrey Kevin Moore following an alleged altercation.* (JA Vol II at 6). The government determined that the pistol was manufactured in Connecticut or Arizona and the ammunition was manufactured in Minnesota.

Davis's challenge to the constitutionality of § 922(g)(1) is based upon the recent United States Supreme Court decision in United States v. Lopez, ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260). He claims that Congress exceeded its Commerce Clause powers in enacting § 922(g)(1). In Lopez, the Supreme Court invalidated 18 U.S.C. § 922(q)(1)(A) (1988 & Supp. V), a provision in the Gun-Free School Zones Act of 1990, making possession of a firearm within 1000 feet of a school a federal offense. Lopez, 63 U.S.L.W. at 4343.

The Court struck down the conviction in part because the statute "contains no jurisdictional element which would ensure, through case-

_____

*There is some dispute as to whether or not the shooting was done in self-defense. But the district court stated that even if the shooting were in self-defense, the imposed sentence would not be effected.

2

by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 4347. Unlike the statute at issue in Lopez, the statute in question in this case, § 922(g), does contain such a jurisdictional element because it applies only to firearms having "an explicit connection with or effect on interstate commerce." Id. at 4347.

Provisions criminalizing possession of firearms under the Commerce Clause have continually been upheld. When addressing a number of federal firearm provisions, including § 922(g), this court has held that "[t]he federal statute criminalizing the possession of a firearm by a felon [18 U.S.C.A. § 924(e) (West Supp. 1995)] does not violate the Commerce Clause because sufficient nexus exists between the harm of firearms and interstate concerns." United States v. Presley, 52 F.3d 64, 67 (4th Cir. 1995).

The Supreme Court has held that for § 922(g)'s predecessor statute there was "no indication that Congress intended to require any more than the minimal nexus that the firearm have been, at some time, in interstate commerce." Scarborough v. United States, 431 U.S. 563, 575 (1977). This minimal connection with interstate commerce is sufficient to allow Congress to assert its broad regulatory powers in the area of firearm possession. See id. Because the government offered proof that both the pistol and the ammunition were manufactured outside the State of North Carolina, the state of possession, Davis's argument must fail and his conviction and sentence be affirmed.

AFFIRMED

3